UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| COREY L. CARTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FEDERAL MEDICAL CENTER, )<br>)<br>Respondent. )<br>) | Civil No. 5:21-048-HRW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Corey L. Carter is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Carter recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Bureau of Prisons (BOP) is improperly calculating the date of his release from federal prison. [D. E. No. 1]. Carter's petition is now before this Court on initial review pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court will deny Carter's petition without prejudice because is apparent from the face of his petition that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (recognizing that a federal prisoner must exhaust his administrative

1

remedies before filing a habeas petition under § 2241). Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is clear that Carter has not yet fully exhausted his administrative remedies. After all, Carter attaches some grievance-related documents to his petition, and those documents indicate that the Warden responded to his BP-9 Form only recently, on January 26, 2021 [*see* D. E. No. 1-1 at 2], less than two weeks before Carter completed and signed his petition [*see* D. E. No. 1 at 8]. Thus, it is plainly apparent that Carter has not yet completed either the BP-10 or BP-11 steps before filing his pleading with this Court. In this situation, where a petitioner's failure to exhaust is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See John Kenney v. J. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

1. Carter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This  21  day of February, 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**